IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| GERARD DAVID MCCREE, JR., #203 840 | * |
| Petitioner, | * |
| v. | *   2:06-CV-520-WHA |
| | (WO) |
| WARDEN JONES, *et al.*, | * |
| Respondents. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This application for habeas corpus relief is filed pursuant to the provisions of 28 U.S.C. § 2254. In addition to naming the custodian of the institution in which Petitioner is incarcerated and the Attorney General for the State of Alabama, Petitioner names Daniel Madison as a respondent. Because the Warden of the institution in which Petitioner is incarcerated and the Attorney General for the State of Alabama are the only two properly named respondents to this cause of action, Mr. Madison is due to be dismissed as a respondent.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Daniel Madison be DISMISSED as a named respondent. It is further the Recommendation of the Magistrate Judge that this case be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before July 3, 2006.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 19th day of June, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE