IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GERARD DAVID MCCREE, JR., #203840, | ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) | 2:06-CV-520-WHA (WO) |
| WARDEN JONES, *et al.*, | ) ) | |
| Respondents. | ) | |

## ANSWER

Come now Respondents, by and through the Alabama Attorney General following this Court's order of June 19, 2006, and answer McCree's § 2254 petition, as follows:

1. Respondents admit McCree was convicted of three counts of capital murder by a jury on September 17, 2003, in the Circuit Court of Montgomery County Alabama. (Exhibit A, Vol. VIII, R. 867, 872) McCree was sentenced to life without parole on each count after the jury recommended the death penalty on a 10-2 vote. (Exhibit A, Vol. IX, R. 1155, 1163) McCree's current incarceration is the result of these lawful convictions and sentences.

2. Respondents deny that McCree's capital murder convictions were obtained by the use of evidence obtained pursuant to an unlawful arrest.

3. Respondents deny that McCree's capital murder convictions were the result of insufficient evidence, and that McCree is factually innocent.

4. Respondents deny McCree's convictions were obtained by the failure of the prosecution to disclose evidence favorable to the defendant.

5. Respondents deny that McCree was denied effective assistance of counsel because:

    A. Counsel failed to adequately investigate the arresting officers regarding their alleged unlawful conduct; and,

    B. Counsel failed to challenge the alleged discrepancies in the testimony of Linda Barnes, and Eric and Dania Wilson, that had counsel challenged this testimony he would have discovered Travis Moore was shot outside his vehicle and crawled inside his vehicle after being shot.

6. Respondents deny that false evidence was used to obtain his arrest warrants in violation of his Fourth Amendment rights of the United States Constitution.

7. Respondents deny the evidence was insufficient to sustain his convictions; and,

8. Respondents deny that the State withheld exculpatory evidence of unknown fingerprints found in Travis Moore's vehicle.

9. Respondents aver that all of McCree's issues were procedurally defaulted or correctly adjudicated on the merits by the state courts.

10. Respondents deny that McCree is entitled to any of his requested relief.

## PROCEDURAL HISTORY

11. On September 17, 2003, a Montgomery County jury found McCree guilty of three counts of capital murder. (Exhibit A, R. 867) He was sentenced, to life in the penitentiary without the possibility of parole. (Exhibit A, R. 872) McCree appealed his convictions and sentences to the Alabama Court of Criminal Appeals. (Exhibit A, C. 193) Briefs were filed by the parties. (Exhibits B and C) McCree raised as his sole ground for relief on appeal that the trial court abused its discretion in denying his motion for mistrial because he was unduly prejudiced by pretrial publicity that contained inflammatory statements by the prosecution, and those statements saturated the community. (Exhibit B) McCree filed a Petition for Writ of Certiorari with the Supreme Court of Alabama during the pendency of his appeal on June 19, 2004, and the Supreme Court of Alabama issued an order on July 1, 2004, stating: "the Petition for Writ of Certiorari in this cause on June 19, 2004, is stricken for failure to comply with Rule 39(b)(3), Alabama Rules of Appellate Procedure."[1] (Exhibit D)

12. On August 20, 2004, the Alabama Court of Criminal Appeals affirmed by memorandum, holding that the trial court did not abuse its discretion in denying

---

[1] McCree did not refile his certiorari petition after the denial of his application for rehearing, thus the certiorari petition was not "properly filed" in the Supreme Court of Alabama.

3

McCree's motion for mistrial because the records supports the trial court's denial of McCree's motion for mistrial. Both parties and the trial court questioned the jurors who had knowledge of the newspaper article in question, and the voir dire examination of these six jurors indicated that they had not been tainted by the pretrial publicity. Also, the court held that McCree had not satisfied the heavy burden required to prove that the pretrial publicity denied him the right to a fair trial. (Exhibit E) McCree's application for rehearing was denied on October 15, 2004. (Exhibit F) On November 3, 2004, the certificate of judgment of affirmance was issued. (Exhibit G)

On January 28, 2005, McCree filed a Rule 32 petition in the Montgomery County Circuit Court, raising the following issues:

> (1) His conviction was obtained as a result of the failure of the prosecutor to disclose evidence favorable to him:
>
> > (a) the prosecutor and Willie Turner wrongfully conspired to place McCree in prison by using falsified documents;
>
> > (b) the prosecutor used false statements that Det. S.E. Wilson obtained from Darria Wilson and Eric Wilson in order to charge and convict McCree of capital murder and Det. Wilson was able to obtain these false statements by promising to take care of two misdemeanor warrants belonging to Eric Wilson;
>
> > (c) The State did not disclose witnesses or turn over documentary evidence showing that a government witness gave false statements;

4

  (2) His conviction was obtained by use of evidence obtained pursuant to an unlawful arrest -- he contended that his arrest was unlawful because, he said, the witnesses, the detectives, and the prosecutor knowingly conspired to use false statements to charge him with capital murder;

  (3) Newly discovered material facts -- that Willie Turner gave false statements and that James Thigpen gave statements that were inconsistent with facts that were known -- require that his convictions and sentences be vacated;

  (4) Newly discovered material facts -- that unknown fingerprints, which did not belong to him, were found inside the victim's vehicle and that the prosecution lead the jury to believe that the fingerprints belonged to him when the State alleged that he had committed the offense -- require that his convictions and sentences be vacated;

  (5) His trial counsel rendered ineffective assistance;

  (6) He was deprived of his right to a trial by an impartial jury due to prosecutorial misconduct and prejudicial pretrial publicity.

(Exhibit H, C. 3-46) Included in McCree's Rule 32 petition and the amendments, were numerous bare allegations, that the witness -- the State, and the investigating police officer and detectives, conspired with the prosecution to convict McCree.[2] (Exhibit H, C. 7, 9, 23, 24, 37, 65-66, 88-89, 97, 100, 100-01) No evidentiary hearing was held in the circuit court.

On August 1, 2005, the trial court issued a written order denying McCree's Rule 32 petition. (Exhibit H, C. 198-206) McCree appealed that denial to the

---

[2] The Court of Criminal Appeals' memorandum opinion affirming the dismissal of McCree's Rule 32 petition summarizes the numerous conspiracy claims contained in these pages.

5

Alabama Court of Criminal Appeals. (Exhibit H, C. 208) Briefs were filed by the parties. (Exhibits I and J) McCree raised the similar claims on appeal that he raised in his Rule 32 petition. McCree alleged the trial court erred or abused its discretion by dismissing his petition, because: (1) Officer Willie Turner's perjured testimony; (2) the State used inconsistent false testimony from the witnesses to obtain his conviction; (3) fingerprints allegedly taken from the victim's car was exculpatory and constituted newly discovered evidence; (4) he was denied effective assistance of counsel; and, that he was entitled to "plain error" review on appeal of his Rule 32 petition. (Exhibit I, pgs. 3-6, 15-39) The Court of Criminal Appeals affirmed by memorandum on April 14, 2006. (Exhibit K) McCree's application for rehearing was overruled on May 5, 2006. (Exhibit L) His petition for writ of certiorari was denied and the certificate of judgment was issued on June 9, 2006. (Exhibits M and N)

On June 2, 2006, McCree filed this instant § 2254 petition and alleged the following claims:

    I.    McCree's capital murder convictions were obtained by use of evidence obtained pursuant to an unlawful arrest;

    II.    The record fails to establish facts supporting his convictions for capital murder, kidnapping and robbery;

    III.    His conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence (alleged fingerprints found in victim's car) to the defendant;

6

    IV.    McCree was denied effective assistance of counsel because counsel's failure to question the evidence obtained by the arresting officers, nor did counsel question the alleged unlawful conduct of the officers; and,

    V.    McCree alleges that he was denied a "full and fair" evidentiary hearing in state court.

All of these issues are exhausted, but they are also procedurally defaulted, or they were correctly adjudicated on the merits by the state court.

## DISCUSSION

Initially, the Respondents admit that McCree properly filed his Rule 32 petition for collateral relief in the Montgomery County Circuit Court on January 28, 2005, shortly after the certificate of judgment of his direct appeal was issued on November 3, 2004, thus his petition tolled the one-year limitation under 28 U.S.C. § 2244(d)(2). (Exhibits G and H, C. 3)

McCree raises five issues in his § 2254 petition (I-V). Issues I, II, III and V were raised by McCree in various stages of his Rule 32 petition and amendments thereto, but were procedurally defaulted during those proceedings and were raised on appeal from the denial of the petition. (Exhibit K) The Alabama Court of Criminal Appeals, the last state court to consider the claims, held that the claims were procedurally barred because they should have been raised at trial and on

direct appeal, but were not so raised. (Exhibit K, pgs. 3, 4)  Thus, these claims are procedurally defaulted.  Harris v. Reed, 489 U.S. 255 (1989).

McCree's Issue I, that his arrest was unlawful, is not subject to a review in a federal habeas court challenge because this issue rests on a Fourth Amendment challenge, and McCree had a full and fair opportunity to present this claim in the state court. (Exhibit K,  pgs. 2-5)  Stone v. Powell, 428 U.S. 465, 95 S. Ct. 3037, 49 L. Ed. 2d 1067; and Wainwright v. Sykes, 433 U.S. 72, 78, 97 S. Ct. 2497, 2502, 53 L. Ed. 2d 594.

McCree's fourth claim, that he was denied effective assistance of counsel, was procedurally defaulted because the claim was presented in his Rule 32 petition without supporting facts, as required by Rule 32.6(b) of the Alabama Rules of Criminal Procedure. (Exhibit H, C. 65-68; Exhibit K, pgs. 3, 4)  To the extent this Court may find no procedural default, the claim was correctly adjudicated on the merits by the Alabama Court of Criminal Appeals.  That court held that McCree failed to establish the attorney's deficient performance or any prejudice or both, as to his claims. (Exhibit K)  The state court's judgment is not an "unreasonable application of … clearly established federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Furthermore, it is not "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings."  28 U.S.C. § 2254(d)(2).  The clearly established law

of the United States Supreme Court on ineffective assistance of counsel is Strickland v. Washington, 466 U.S. 668 (1984). The Alabama Court of Criminal Appeals correctly applied Strickland v. Washington in this case, and McCree is not entitled to the requested relief.

Furthermore, the Court of Criminal Appeals held that Issues I, II, III and V were bare allegations unsupported by fact or law and that these claims failed to meet the specificity requirements of Rule 32.6(b), A.R.Crim.P.; and, the pleadings requirement of Rule 32.3, A.R.Crim.P.. Thus, these claims are procedurally defaulted under Rules 32.6(b) and 32.3.

WHEREFORE, THE PREMISES CONSIDERED, Respondents request McCree's § 2254 petition be denied.

Respectfully submitted,

Troy King (KIN047)
*Attorney General*
By:

_____
Daniel W. Madison (MAD029)
*Assistant Attorney General*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August, 2006, I served a copy of the foregoing (including exhibits) on the Petitioner, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

Gerard David McCree, Jr.
AIS #203840
Donaldson Correctional Facility
100 Warrior Lane
Bessemer, AL  35023-7299

*/s/ Daniel W. Madison*
Daniel W. Madison (MAD029)
*Assistant Attorney General*

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery AL  36130-0152
(334) 242-7300
162238/MCCREE
96662-001