IN The UNiTED STATES DiSTRICT
COURT FOR The Middle DISTRICT
OF ALABAMA NORTHERN DivisioN

RECEIVED
2006 AUG 29 A 10: 48
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Gerard Dayid mccree, JR.,
#203840
PetitioNER                    2:06-CV-520-WHA
                                   (WO)
        VS.
WARdeN JoNeS, et. al.,
ReSPONDENTS,


            DOCUMENTS:

        SWORN Affidavit OF
        Gerard David mccree,:

        REPly ANd objetions
        TO The RESPONDENTS
        ANSWER iN accordance
        With THiS COURTS ORDER
        ON The 23rd day OF August,
        2006:

        Specific facts demonstrated
        UNdER 28 USCS 2254(dX1)
        SUppORTiNG Habeas
        CORPUS CIaiMS hereof:
        CextificAte OF SeRViCe:

Page 1.

SWORN Affidavit of Gerard McCree, THE Petitioner. UNDER penalty of perjury, Federal Law, The foregoing IS True and correct as follows:

Comes Now The Petitioner Gerard McCree Moves To File Renewed Reply and objetions to the Respondents ANSWER, IN accordance with this Court order oN The 23rd day of August, 2006. Document # : 15-1 This Cause is Before This Court oN a 28 u.s.c. 2254 petition for habeas corpus relief filed By petitioner Gerard McCree oN June, 2, 2006. IN the petitioner's petition, He Challenges the Convictions of Capital Murder, Kidnapping, and First degree roBBery entered against him By the Circuit Court For Montgomery County, Alabama iN

Page 2.

October 2003. Respondents filed
Their Answer on August. 2, 2006. ,
However Petitioner properly Filed
His post-conviction Rule 32 petition
To The Circuit Court of Montgomery
County, Alabama challenging The
Convictions - Capital murder,
Kidnapping, and first degree
robbery. See the Respondents Reply
in their Answer. Moreover in
light of the evidence presented in
The State court proceeding this
Petitioner's claims were adjudicated
on the Merits By the State court,
The adjudication of the Claims
resulted in a decision that is

Based on an unreasonable
determination of the facts in
light of the evidence presented,
see 28 U.S.C. 2254(d)(1)(2).
however the State court decision
is founded to Be on the Issue's
is Grounds Showing "objectively

Page 3.

UNReasoNably, As the State Court Dismissed the Claims Upon By local Rules under Rule 32., in light of The petitioners Claims presented To The State Court, The Facts To the Clearly presented evidence itself, establish's the pleading — requirements to the petition, Showing that petitioners issue's thereof And hereto. Contain a Clear And Specific statement of the grounds upon which relief is Sought, including Full disclosure of the factual Basis of those grounds A Bare Allegation that a constitutional right has Been Violated And mere Conclusions of law Shall NoT Be Sufficient To warrant any further proceedings. 32.6(b) Ala. R. Cri. P.,

Page 4

The claims Being adjudicated on
the merits in State court By
Local Rules of Ala. R. Cri. P.
Those claims Therein The courts
ruling found to Be Arbitrary
Because of the Conviction which
were Imposed IN AN uNReASonable
MANNER, AS Fixed oR Done Capriciously
oR At pleasure without adequate
determining pRinciple, NOT Founded in
The NAtuRe of Things NonRational
NOT DoNe oR ACTiNg ACCoRDiNg To
ReasoN oR Judgment Depending on the
will aloNe, absolutely IN power
CaPriciously, tyrannical, Despotic,
Cornel vs. Swither County, Tex. On App. 74
S.W. 2d 1018 1019, without fair solid
And SubstaNtiaL cause, that is
without cause Based upon The Law.
U.S. vs. klempp dil. N.y. 58 F. 2d 352
359, NOT GoverNed By Any Fixed Rules oR

Page 5.

standard, As which Being According
with the United States constitutions
(9th.) Amendment holding That The
enumeration in the constitution
of certain Rights Shall Not Be
construed to Deny or Disparage
others Retained By the people.

however Such argued proedural
default could Be overRuled By this
Court whereby the petitioner has
established cause for the Court to
failure to follow the State's
procedural rules, upon it's showing
of prejudice resulting from this
failure. See wainwright. v. Sykes
433 u.s. 72 (1977). where by The
petitioner would Have Noticed the
Local Rule But for the factual
Predicate that could Not Have Been
previously discovered through the
exercise of due diligence. and The

Page 6.

facts underlying the claims would Be Sufficient/to **establish** By clear and convincing evidence that But for Constitutional error, No reasonable fact finder would Have found The applicant guilty of The underlying offense. See 2254 (e)(i)(A)(ii)(B). Rules Governing Section 2254. However The Petitioners evidence in light thereof establish that He is in fact (INNOCENT.) The petitioner would Be prejudice upon such disregarding to address the procedurally defaulted claims whereby a constitutional violation has Resulted in the "conviction" of petitioner who is in fact actually innocent. Murray, v3. Carrier, 477 u.s. 478 (1986).

Moreover, under Schlup, v3. Delo. 513 u.s. 298, 320 (1995). the court held That a procedural default will not Preclude a federal court From considering a habeas petitioner's

Page 7

Federal Constitutional Claims
where Petitioner is able to show
that the Court's Failure to address
His Claims would result In a
fundamental Miscarriage of
justice.    As This Ground Applie's In
The Petitioner's case with regards
To Federal Rights of the united
States Constitution, Moreover
Federal Law.

"(1.)" Petitioner has Showed why He failed
To comply with the state's procedural
rules, with respect to those Claims
adjudicated on the Merits in State
Court, As He Showed that : Petitioner
Would Have Noticed the Local Rule, But
for the factual predicate that Could
Not Have been previously discovered
Through the exercise of **Due** diligence
See order B ((1)(A)(ii)(B)) .   —   "(2)" However

Page 8

UNDER 2254 (c)(d)(1)(2) (e)(2)(a)(A)(i)(B)
Rules Governing Section 2254, there-
fore The pETITIONER Claims Should
Be addressed UNDER The FuNdameN-
TaL Miscarriage of Justice
excception. upon The Showing
Specific reasons for The AppliCaTioN
of This exception, As established

Federal Law, as detcrmiNed By the
Supreme Court of the UNited States.

(See) MCMilliAN vs. JohNSoN, 878 F. Supp.
1514 - 1529, The Court held that, iN the
EleveNth Circuit, Police MisConduct
which leads to the admissioN aT
Trial of improperly obtained
Statements aNd which result
iN a fuNdameNtally uNfair Trial
May Violate a DefeNdaNt's fifth
AMeNdMeNt Rights to a Fair TriaL,
HoweveR, ThaT COURT NoTiced IN
Wilcox, 813 F. 2d at 1148, ThereiN
It emphasized that The records

Page 9.

was devoid of evidence of physical aBuse, OR ThreaTs oR imProper INdUceMeNTS OR (PromiSes iN exchange for a StatemeNT implicaTiNg ThE deFeNdaNT). which The courT recogNizes that AN argumeNT could Be made that where As here, The defeNdaNT did NoT have adequate tools iN hands To Challenge The reliability of The StatemeNTs as The StatMeNTs were preseNTed to the Jury, The defeNdanT is deprived of a fundamentally fair Trial. Indeed if law eNForcemeNT Plays a Role iN improperly eNCouraging witNesses To TESTify For The prosecuTion And the defeNdant CaNNoT Challenge the reliability of the testimony... As here of The petitioners Case, He Could NoT

Page. 10.

Have (specificity) pursue
The claims in state Court at
the time of trial. Due To Being
improperly "Mislead" of the State's
witnesses reliability of their
testimony, petitioner were not
aware that the State's witnesses
were about to testify in favor
of the petitioner, He did not
Have adequate hands to challenge
the reliability of the statements
as the statements were presented
To The jury the petitioner were
Deprived of a fundamentally fair
trial, Cause's upon the police
misconduct within their Action of
improperly Making Promise's in
exchange for a tape Statement
To charge Mccree with capital

Page 11.

Murder, their Actions lead to
The Admissions at Mccrees
Murder trial, in Shows to Be
fundamentally unfair of the
Conviction, do to The prosecutor
who Played a Role in the
Prosecution By given The "jury"
The Witness Darria Wilson, false
tape Statement He gave to
Police, gaven The jury the tape
Statement after the Witness
testified to the Admission,.
Moreover, The petitioner were
Not aware of the reliability
of the Witness Admission, As
The reliability of the testimony
were testified to the jury IN
The petitioner's favor, As The
Petitioner were mislead of the
reliability of the testimony, (see)
McMillian, vs. Johnson, 878 F. Supp. 1515
(M.D. Ala. 1995)

Page 12.

(State's witness testified in favor)
See Exhibit A.
Of The Transcript of State's
· Witness Darria Wilson,
Trial transcript # 452 - 464.

See Exhibit B.
Of The Discovery Page 60,

State's Allegations that Witnesses
Darria Wilson, And Linda Barnes,
Will testify To Seeing the defendant
Shoot the victim to Death, after
Which the defendant Drove off
with the victim in the victims
Vehicle.

However, The State's Allegations
Has fail. . .

Page 13.

petitioner Allege, that His
conviction were obtained By use
of evidence obtained pursuant
to an unlawful arrest, where
the state has Not provided a
full and fair hearing on the
merits of the Fourth Amendment
Claim.

whereby the record supports Facts
To The federal constitutional
violation, under the Fourth
Amendment, upon serving arrest
warrants without probable
Cause, petitioner were Deprive
of his Rights to probable
Cause whereby the arresting
officer cooperated with
witnesses in An agreement
To help their witnesses with

Page 14.

Two MisdemeaNor warrants iN exchange for a Statement implicating the petitioNer, it Shows that After the cooperation the PetitioNer Gerard McCree were Than Charged with the Capital Murder of "farvis Moore".

And at that point they were Still UNable To Locate the victims girlfriend Linda BarNes.

See, Exhibit C.
Documents from the DiscoveRy Pages 75 And 97.

PetitioNer Claim should Be Addressed UNdeR 28 USCC 2054(d)(1).

Page 15

that Mr. Wilson drives a big truck that he hangs out at the hair shop on Highway 80.

This writer advised Detective Naquin of this information, and he asked me to go to the hair shop and see if I could make contact with that subject.

At 1255 Hours, I went to the hair shop on Highway 80, which is called the Hair Port, and spoke to black male Eric Wilson who advised he is Darria Wilson's brother.  Eric Wilson stated he had already spoken to Detective S. E. Wilson and given him a phone number and advised him that he was going to call him and tell him all of the information he knew about this case if we would cooperate and help take care of two misdemeanor warrants he currently had on him.  I advised Mr. Wilson that if he was willing to cooperate with us and provide us with truthful information that would help solve this case, we would see what we could do to help get him time to pay or workout some type of program to take care of the two misdemeanor warrants he currently had on him.  While talking to Mr. Wilson, his brother arrived at 1300 Hours and identified himself as Darria Wilson, DOB 8/19/64, and got in the car with me.  Eric Wilson advised me that one of the black males working inside his business was a girlfriend of Gerard McCree and if she saw us talking to them she would probably call him and let him know and for this reason I went down the road with Darria Wilson to speak to him.  While going down the road, I got several pages from 286-1000 for 911, and it was later determined that this was Eric Wilson calling to let us know that the black female had, in fact, seen us drive off and she was asking him why Darria had left with the police and he was afraid she was going to call Gerard.  While riding down the road with Darria Wilson, he advised that the Hair Port is the family business.  He stated that we could make contact with him there if we could not locate him at the house.  He stated that on the night that this happened he was out in his yard and he saw McCree outside at the victim's girlfriend's car talking to her.  He stated that the victim pulled up and there was an argument out in the roadway.  He stated that the victim got back in his car and started to drive off and McCree pulled a gun out and shot the victim.  He stated that he was hesitant to cooperate because McCree is nothing but trouble and had been arrested several times and continued to get off without anything happening to him and he was afraid that he would get off this time and that if he stuck his neck out that McCree and McCree's friends would possibly try to kill him and hurt his family for that reason it made him very nervous to be cooperative with us.  I advised him that we would do everything we could to ensure that this would not happen.  He stated that Detective Wilson is a friend of his and Eric Wilson, his brother, and that they had known Detective Wilson for several years.  He stated that he feels more comfortable speaking to Detective Wilson, and I advised him that I would have Detective Wilson meet him at headquarters at 1400 Hours if he would agree to come to headquarters at that time.  He stated he would come to headquarters and talk to Detective Wilson at 1400 Hours, and I dropped him off around the side of the business

97

13993 (115)

I should contact her when processing of the victim's vehicle was completed so that she could pick it up.  The victim's father was also present during the meeting and was recognized by Detective Barnett.  Detective Barnett had arrested and charged his other son in the Jack's Quick Shop murder that occurred a month or so ago.

After the briefing with the victim's family, they were released from Police Headquarters after I answered any questions they may have and I then spoke to Detective Wilson, who advised that he had taken a taped statement from Darria Wilson, black male, DOB 8/19/64, 4001 Luther Street, PX 288-3433.  During the statement Mr. Wilson told Detective Wilson that he, in fact, saw Gerard McCree shoot the victim while the victim was inside the victim's vehicle.  He explained that he has known Gerard McCree for an extended period of time and positively identified McCree as the individuals that committed the shooting.  Details of the interview and identification will be contained in Detective Wilson's supplementary report.

At 1542 Hours, I secured a warrant charging Gerard McCree with the Capital Murder of Tarvis Moore.  At this point we were still unable to locate the victim's girlfriend, Linda Barnes, and I then had Detective Barnett complete and distribute lookouts, the first being a wanted poster for Gerard McCree, in which he was listed as wanted for Capital Murder, and the second being a lookout for Linda Barnes, who was wanted for questioning in regards to the murder investigation.  Lieutenant Gantt then advised this writer that he had found out that after the police responded to the shots fired and possible shooting at Gateway and Riviera on 6/20/01, news media individuals responded to the area and subsequently interviewed several witnesses.  Lieutenant Gantt had found out from one of the TV Stations that during their interviews, they were told by one witness, who was unidentified, that the victim's girlfriend, Linda Barnes, was, in fact, at the residence at 2969 Gateway Drive when the shooting occurred and that in addition to that the suspect, Gerard McCree, was at one point prior to the shooting seated in a vehicle with Linda Barnes.  Montgomery Police Department computer records listed her as Linda Barnes, DOB 12/10/61, with numerous addresses, including 122 Broadway Street, 2440 Lower Wetumpka Road, 3945 Brewer Road, which is also the address of the victim, Tarvis Moore, 2402 East Sixth Street, 1639 Northgate Drive, and 1800 Dixie Court.  She had an arrest on 2/28/01 for Possession of Marijuana and had received a ticket for No Driver's License and also an arrest for Carrying a Pistol without a Permit.  She also had several pawned articles listed in the computer system.  A vehicle registered to her in the computer system was listed as a 1993 Dodge Dynasty, blue in color, tag #3BG3734, and was registered to Linda Barnes at 122 Broadway Street.

At approximately 1710 Hours, while doing intelligence information on Linda Barnes and Gerard McCree, Lieutenant Gantt advised that he had spoken to Sheriff Marshall over the phone, who advised that he

Page 17.

Conviction obtained By the
unconstitutional failure of The
prosecution to disclose To The
Defendant evidence Favorable To
The Defendant. ,

however the State's Physical
evidence And oral testimony has
Failed, Petitioner in fact moved
The trial Court for acquittal
upon the State's Proof of its
case failed, Petitioner were
Denied acquittal, And were
Found guilty By the Jury of the
trial, As they recommended the
Death penalty to Be giving To
The Petitioner, As the Jury had No
knowledge of petitioner's evidence
They were Mislead By Petitioner's

Page 18.

Ineffective assistance of counsel,
As petitioner to were prejudiced By
The deficient performance, The
Petitioner were sentence To life
without parole in The Three counts,
However The State's Case Failed, and
Petitioner shows an objectively,
reasonable Basis establishing that
the State's Cause is unsupported and
is insufficient to establish Probable
cause of conviction, the procedurally
Defaulted Claim Should Be Addressed
under the Fundamental Miscarriage
of justice exception, (see) Supreme
Court Cases. 148 L Ed 2d 1135. holding that
lack of evidence supporting conviction of
Criminal offense as violation of Due
process clause of federal
Constitution's fifth or fourteenth
Amendment, under validity of particular
Definitions contained in instructions

Page 19,

to juries' Definition held invalid,
see Tyler, V. Cain, (2001) 533 US
656, 150 L ed 2d 632, 121 S. Ct 2478,
where Supreme Court (1) observed
that Cage, V. Louisiana, (1990) 498 US
39, 112 L ed 2d 339, 111 S Ct 328 (this
subsection) held, As further explained
in Estelle, v. McGuire, (1991) 502 US
62, 116 L ed 2d 385, 112 S Ct 475 (this
subsection), that under due process
clause of Federal Constitution's
Fourteenth Amendment, Jury
instruction in State Criminal trial
is unconstitutional if there is
reasonable likelihood that jury
understood instruction to allow
conviction without proof Beyond
reasonable doubt : And (2) held
that for purposes of 28 USCS 2254(d)(1)

Page 20.

PETITIONER is in Custody in
Violation of the Constitution
OR Laws OR TREATIES of The
united States, 2241(c)(3)

As the Federal Question held,
Thus; WITNESS Linda BARNES
Supports the CONVICTION Beyond
reasonable doubt,
(See) The holding in Shaw, v. Garrison,
467 f. 2d 113 - 115. the Court held that
the State had No New Witnesses
Which it Planned to use to prove the
perjury Charges. IN Fact the
Prosecutor's Key witness was
UNReliable, And No oNe Knew that
Better Than the prosecutor
himself. see McMilliAN, 878 F.Supp.
1535 (M.D. Ala. 1995)

Page 21.

# Exhibit

However., Exhibit D. Should support the facts Upon Witness Linda Barnes, failed to support The State's Proof of It's case., (See) the Witness Linda Barnes testimony Statements at Trial Transcript Page <u>413</u>,

As she Were asked (Would you Point to the person that you saw With a Gun Shooting on That Day?) after Being asked Three times, The Witness State's: (I'm afraid to answer That question.)    The Witness were asked Is there any doubt in your **Mind** that it was Gerard mccree Shooting? The Witness States (yeah).
Moreover the Witness were —

Page 22.          Exhibit

Asked, "Did you see Gerard McCree get in the car with him?

The witness states: (That she was told That). See page 427-428 of the trial transcripts.

However the State's witnesses has failed to support the conviction, Therefore the conviction Must Fail, see Mooney, vs. Holohan, 294 u.s. 103, 55 s. ct. 340, 79 L.ed. 791 (1935)..

(McCree) were convicted of the Murder, kidnapping, And first degree robbery without the State's witnesses Allegations, Statting -(seeing mccree Shoot the victim, go over get inside victims car And left the area with the victim.)Causing such kidnapping and robbery-murder. Petitioner seeks to have claim addressed under 2254(d)(i).

Page 23.

CONVICTION obtained By the
UNCONSTITUTIONAL failure of
The prosecution to disclose
To The Defendant evidence
favorable To The Defendant,

The facts establish that the
petitioner is "INNOCENT" of
The Crime for which He was
Convicted, or Should Not Have
Received the Sentence that He
did, facts: fINGERPRINTS were
discovered inside the victims
vehicle, The found fINGERPRINTS
were HoweveR found AS well
ON the front Steering Wheel
of The victims vehicle, These

fINGERPRINTS, Instructed to the

Jury with the intent to deprive
the petitioner of Due process
Rights of the fourteenth AMENDMENT
However these fINGERPRINTS were
KNOWN to Be false evidence
WhereBy the fINGERPRINTS had
KNOW KNOWN Name To them,

Page 24.

Moreover, Where petitioner requested Discovery of All evidence the State Were Seeking to use, the State Alleged that they Were Seeking to use any Fingerprints Found of The Defendant at the crime scene, However the Fingerprints Found inside the victims vehicle one Being on the victims Steering Wheel, shows to Have No Known Name Which prejudiced The petitioner, A Conviction Obtained through the use of false evidence Must fail, Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340 79. Led 791 (1935), Pyle v. Kansas, 317 U.S 213 63 S.Ct. 177 87 L.ed 214 (1942), even If the State Merely allows the false evidence To go uncorrected, . The claim should Be addressed unde 2254(d)(1)

Page 25.

Petitioner were Denied Ineffective
assistance of Counsel.,

The purposes of the Claims thats
Before the Court herein, the
Claims supporting the facts
that the Petitioner is actually
innocent, where Petitioner point
to specific instances that
Constituted deficient Performance
for purposes of an ineffective
assistance of Counsel's Claim, a
reasonable Probability that But
for Counsel's unprofessional
errors, the result would have Been
Different is a probability
Sufficient to undermine Confidence
in the outcome. U.S.A. Const.,
Amend. 6.,

As which the Counsel's Having in
Their hands evidence Supporting
Petitioner were arrested falsely

Page 26.

Should Have Play in part of
Instructions To the jury upon
proof of evidence followed By
Petitioner Being falsely arrested
where evidence supports that
The State prosecutor were mislead
To Believe probable cause existed
where it Shows there were None,
(See) McMillian, v. Johnson, 878
F. Supp. 1524 (M.D. Ala. 1995)

However, Petitioner McCree, were

Prejudice under the totality of
circumstances : (1) the Counsel's
performance was deficient and
(2) the deficient performance
Deprived the Defendant of a fair
Trial. U.S.C.A. Cons. Amend. 6., See
Bell, v. State, 879 So. 2d 423.
Fields, vs. State, 879 So. 2d 481.
McNish, vs. State, 878 So. 2d 1189.

However under Rule 2254 (b)(1)(d). The
Decision of the State Court
resulted in a decision that was

Page 27.

Based on an unreasonable Determination of the facts In light of the evidence presented In The State Court Proceeding The Claim relies on — the facts underlying the Claim would Be sufficient to establish By clear and convincing evidence That But for the constitutional error No Reasonable factfinder would Have found the applicant guilty of the underlying offense. Where the petitioner were prejudice By counsel failure to Move with evidence at trial Supporting Substantial Grounds of lack of probable cause This Court Shold Not Follow the State Court's procedural Rules that would prejudice the petitioner Wainwright, vs. Sykes, 433 U.S. 72 (1977). Petitioner shows good Cause Not To follow the State's procedural Rules, Where By The State Court

Page 28.

Applied to A federal Violation, Where There are a federal Right to probable cause.

However, the Right wasn't Applied to, But the Violation was., A federal Court can (GRANT) Relief only if the State court decision denying relief is Contrary to clearly established federal Law or is an unreasonable application of federal Law. Brown vs. Head, 272 F. 3d 1308, 1313 (11th. Cir. 2001).

However, the State court's decision of the issue is objectively UNReasonably, under the support Of the Fourth Amendment. (See) Malley, v. Briggs, 475 U S 335, 89 L ed 2d 271, 106 S. Ct 1092, . . . Also

Page 29.

McMilliAN, VS. JohNSON, 878 F. Supp.
1532 (m.D. AtA. 1995) holding: iN light
OF These Cases it seems ThaT The
prohibiTioN oN selective prosecuTioN
was Clearly established aT The
Time of Conduct...
Selective prosecution is oNly a
CoNstitutional VioLation when
The ProsecuTion is BrougHT oN The
Basis of an impeRmissible motive,
HoweveR To The extent, McCree hereiN
The petiTioNeR Shows ThAT motive
were TakiNg oN By The prosecutor
who were mislead From — performance
of his probable Cause determination
By maliciously TendeRINg False
INFoRMaTioN To The ProsecuToR
which lead him to Believe probable
cause existed where There
was NoNe. Wheeler, 734 F. 2d at 260.
This Case FouNd iN McMilliAN, VS.
JohNSoN, 878 F. Supp. 1524 (m.D. AtA. 1995)

Page 30.

petitioner McCree, where who are
Being held in state prison, found
To Be in deprivation of liberty,
(See) Albright. Vs. Oliver, (1994)
127 L ed 2d 137, punishment By
Confinement in prison is a
Frequent conclusion of Criminal
proceedings. Had petitioner's prosecu-
tion, resulted in his Conviction and
Incarceration, Than there is No
question But That The Due
process clause would Have
Been implicated a central
purpose of The Fourteenth
Amendment was To deny States
The power To impose This sort
of Deprivation of liberty until
after Completion of a fair
Trial. Over The years however

Page 31

our cases Have made it clear
That The interests protected By
The Due process Clause extend
well Beyond freedom from an
improper Criminal Conviction.

Petitioner McCree, applys to that
holding where Federal Rights
Were Denied to, and where
McCree is Being held in
State prison against his liberty,
Deprivation, in violation of The
Due process, United States
Constitutional Fourteenth
Amendment, Petitioner seeks
from this federal Court To address
The claims That were adjudicated
on the Merits By the State court
Were The adjudication of The Claims
Resulted in a decision that was Based
on an unReasonable determination
of the Facts in light of the
evidence presented in The state

Page 32.

Court Proceeding, 2254(d)(2) under Williams, vs. Taylor (2000) 529 US 430, 146 L ed 2d 435 120 S Ct 1479

holding that (1) accused's Right to effective assistance of counsel was violated at state sentencing hearing in which accused Received Death sentence, and (2) accused was entitled to federal habeas corpus Relif under 28 USCS 2254 (d)(1).

However Petitioner were Prejudiced By Counsel's Deficient performance where there exists a reasonable probability that But for Counsel's unprofessional errors, the Result of the proceeding would have Been Different. Burnett, v. State, 651 so. 2d 57, 58 (Ala. Crim. App. 1994); . .

Where it EXISTS No objections were made thereby the Jury Being introducted upon false evidence,

Page 32.

Lack of evidence supporting Conviction of criminal offense is violation of due process clause of federal Constitution's Fifth, or Fourteenth Amendment, Supreme Court cases, 148 L ed 2d 1135. Where petitioner's Deprivation liberty interest holds, The Resulting convictions must fail. Mooney, v. Holohan, 294 U.S. 103 55 S.ct. 340, 79 L. ed 791 (1935). Here where Petitioner's federal constitutional Claims where petitioner is able to show that the court's failure to address his claims would result in a fundamental Miscarrige of Just., Schlup, v. Delo, 513 U.S. 298, 320 (1995); Murray. v. Carrier, 477 U.S. 478 (1986). The miscarriage of Justice exception allows federal courts to address procedurally Defaulted Claims IF Petitioner Shows that a constitutional violation has probably Resulted in the Conviction of one who is actually INNOCENT. 2254(d)(1).

Page 34.

UNDER Rule8, Subdivision (a), of Rules-
Section 2254, cases holding UNDER
Townsend v. Sam, 372 U.S. 293, 319 (1963),
UNDER determining when a Hearing IN
the Federal habeas proceeding IS
Mandatory, the appropriate standard
IS where facts are IN Dispute, holding
the questions; IF the habeas
applicant did Not Receive a Full and
fair evidentiary hearing in the State
court, either at the time of the trial
OR in a collateral proceeding. AS here:
The Burden on the petitioner to show
grounds (1) petitioner did Not Receive a
hearing at the time of trial ON HIS
Claims, (2) Petitioner were granted a
evidentiary hearing IN the Rule 32
proceeding, the hearing were set foR
August, 11, 2005, UPON the cleary
established evidence thereof and
hereto, the Respondents Filed a
Motion to Reconsider holding the
hearing, the trial court granted the
Respondents Motion to Reconsider,

Page 35.

The Petitioner did Not Receive
it's evidentiary hearing, the petition
were Dismissed without a
hearing after Being appointed
Counsel's to Represent the
Petitioner IN the proceedings.

Petitioner herein Seeking to
Be granted Relief from an
improper criminal Conviction,
Thereby Granting of a writ of
HaBeas CORPUS.

Done this on the 27th day of August, 2006
Respectfully, Gerard McCaa Petitioner
#203840

Page 36.

## CERTIFICATE OF SERVICE

I hereby certify that a true and
correct copy of the above and
foregoing was served upon the
RESPONDENTS By placing said copy
of the same in the U.S. Mail, on
this the 27th day of August, 2006.

State of AlaBama
OFFICE OF the Att. GENERAL,
State House
11 South Union Street
Montgomery, AL, 36130

Gerard McCree
Petitioner
#203840
_____
DONALDSON Corr. Fac.
100 Warrior LN.
BESSEMER, AL,
35023