IN The United States District Court for
The middle District of Alabama Northen
Division

RECEIVED

2006 OCT 23 A 10: 02

2 HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT

Gerard David McCsee, Jr. #203840 Petitioner,

vs.

Warden Jones, et, al.
Respondents.

2:06 CV 520 WHA

Petition # 22551 Petition

2:06CV520

Sworn Affidavit of Gerard McCsee, Sr. under
Penalty of Perjury the foregoing Is True
And Correct as follows:

Permission of Court For Leave To file This
Letter-Brief in lieu of a more formal
Brief In Opposition To The Respondents
Request To dismiss The 28 U.S.C. 22551
Petition for Habeas Corpus filed By McCsee,
Grounds, In exceptional circumstances
The Petitioner were In Need of Time To
Go Into More Relitigation of establishment
Supporting Objective Cause Requirement
That Should Satisfy This Courts Considering
The Petitioners federal Constitutional
Claims As established under the Court
of Law.

Respondents alleges that the Claims are
Procedurally defaulted under Rules 32.6(b)
And 32.3;

SCANNED

Dear: MAGISTRATE Judge
SUSAN RUSS WALKER,

Please accept this letter-Brief in lieu of
a More Formal Brief in Opposition to
Respondent's Request To DISMISS The
Petition, Upon procedurally defaulted claims
UNDER Rules 32.6(b) 30.3,,

However Judge, The facts And Circumstances
surrounding The Petitioner's 28 U.S.C. 2254
Petition For Habeas Corpus, it is the
Petitioner Objective reasonableness To
Show, Prejudice And the Cause For
Such Procedural default, the Showing
Should Satisfy The Cause Requirement
Of Wainwright vs. Sykes (1977) 433 US 72
53 L Ed 2d 594 97 L ed 2d 2497, If The
Petitioner Show's this Court No Cause
and Prejudice, a Procedural default Should
Not preclude a Federal Court From
Considering the Petitioner's Federal

Constitutional Claim where the Petitioner is able to show that the Court's failure to address his claims would result in a fundamental miscarriage of justice, exception allows Federal Court's to address procedurally defaulted claims whereby Petitioner show's that a constitutional violation has resulted in the conviction of the Petitioner Mccree, who is in fact innocent,

Holding in Murray vs. Carrier, 477 US 478, 91 L ed 2d 397, 106 S Ct 2639: Decision held where, Defense Counsel's inadvertence in failing to raise due process claim on appeal from state conviction held not to show cause for procedural default which would allow federal Habeas Corpus review of claim

IN MURRAY vs Carrier, The accused Petitioned the United States District Court For The eastern District Court OF Virginia for federal Habeas corpus Relief Claim, holding a Due Process Violation, The District Court Dismissed The Petition holding that Because The accused had failed to present his due Process Claim on direct Appeal he was Barred from doing So. In federal Court, Under Rule of Wainwright V. Sykes (1977) 433 US 72, 53 L ed 2d 594 97 L ed 2d 2497, absent a Showing of Prejudice and of cause for His Procedural Default. The United States Court of Appeal for The fourth Circuit (1) reversed The Judgment of The District Court, holding that an act or OMISSION By Counsel which Shows ignorance or oversight May Satisfy The cause requirement of Wainwright V. Sykes, and (2) remanded for a

Determination as to whether the procedural Default in the case was the result of such attorney error or reflected a Deliberate Appellate Strategy. (724 F 2d 376 adhered To 754 F 2d 500).

However The petitioner herein alleges That this Court should address the procedurally defaulted claims under the fundamental miscarriage of justice exception. And so shows specific reasons for this Application of this exception, as where as here: Showing that some objective factor external to the Defense impeded counsel's efforts to Comply with the State's procedural Rules, which these acts or omission By Trial, And Appeal Attorneys shows ignorance or oversight That May satisfy the cause requirement of wainwright vs. Sykes, and should Be Called in By This court for a Determination as to whether The

Procedural default in The case
was The result of The alleged
unprofessional errors of petitioners
Attorneys, Where prejudice could Be
proved WhereBy There exists a
Reasonable probability That, But for
counsel's unprofessional errors
The result of The proceeding would
Have Been different, Burnett, vs. State,
651 So.2d 57 58 (Ala. crim. App. 1994).

Moreover The power of This federal
Court to grant The State prisoners
application for habeas corpus relief
With respect To Those claims
adjudicated on the merits In state
court, holds under 2254 (d)(2) -
Resulted in a decision that was
Based on an unreasonable
Determination of the facts In
light of the evidence presented
In the State court proceeding,

## Statement of the Case

ON June, 21st 2001, DeTective G. Naquin requested for an Montgomery County Arrest warrant, Charging Gerald D. McCree, JR., with The Capital Murder of said TARViS Moore,

ON June, 23, 2001, McCree Turned Himself IN ON the alleged Charges, These after holding in The Montgomery County Court House at The preliminary hearing in State Court, Detective Naquin Testified That He had probable Cause To Believe His witnesses Seen McCree Causing The death of TARViS Moore By Shooting Him with An unknown Type HandGun, The preliminary

hearing Judge gave The Case over To The Grand Jury.

during discovery, Petitioner discovered
Documents which revealed a pattern
of indiffence towards Petitioner's
Federal Constitutional Rights To
Be Free From Criminal prosecution
except upon probable cause,
United States Constitution's Fourth
Amendment, (See) United States, vs.
Leon, 468 US 897 82 L ed 2d 677,
104 S Ct. 3405,, Also (See)

McMillian, vs. Johnson, 878 F.Supp.1539
(M.D. Ala. 1995).,
However, these acts and omissions
By The Detective's were sufficiently
harmful, at the time of Filing False
information IN AN Warrant
Affidavit, Seeking out The arrest
of The Petitioner McCree, And There-

To, Testifing At the State Court Preliminary hearing To The Magistrate Judge, in issuing THE process was However, misled By Information of The Detective facts of how the obTained The charge on McCree,

(As ObjECTIVE) The PetitioneR, discovered That The reCords was devoid of evidence of police misconduct of Their Actions of Making promises To witnesses in exchange for a Tape Statement implicating McCree in The case, Which The witnesses statements BeCame known that they where false at the Trial of McCree whereBy Their testimony lead to Admissions at McCree's Trial,

(10)

Moreover The prosecutor Stated To
Witness Darria Wilson who Acted with
The Detective's which cause The
Warrants, prosecutor Stated To
This witness after the witness
Admission that (Are you Afraid to
Testify Today)?
The witness Stated that he did AlReady.
See Trial Transcript Page 459., upon
The witness Testimony that lead to
his admission's of Not Seeing McCree
Causing The death of the victim, (As
He Said He did when The arrest was
first listed out for McCree Do To the
cause of His false Statements after
Mr. Wilson and His Brother Eric Wilson,
got Cooperation with Detective's
And Helping take'N Care of two

(11)

Misdemeanor warrants He Eric Wilson Currently had on Him.

After Darria Wilson's Admissions, and after The State prosecutor's Direct examination, Counsel For the Petitioner mccree, gave Cross examination which They were Not prepared, which objective Standards Could Support under McMillian, vs. Johnson, 878 F. Supp. 1515, holding That The Court recognizes That an argument could Be made, the Defendant did Not Have adequate Tools in hands To Challenge The reliability of The Statements as The Statements were Presented To The jury, The Defendant Is Deprived of a fundamentally fair Trial,

However petitioner Applies in The Requirement of wainwright, vs. Sykes, whereby an act or omission By Counsel's which Shows ignorance or oversight May Satisfy The Cause Requirement of wainwright, vs. Sykes, where The Procedural

(12)

Default in the case was the result of the alleged unprofessional error's of petitioners Attorney's, where prejudice is proven whereby there exists A reasonable probability That But for Counsel's unprofessional error's The Result of The proceeding would Have Been different, McCree was convicted of Three counts of capital murder By a Jury on September, 17, 2003, in the circuit Court of montgomery county Alabama, petitioner was Sentenced To life without parole on each count after the Jury recommended The Death penalty on a 10-2 vote. The petitioner's current incarceration is the result of These unlawful convictions and sentences.

(13)

Showing under THE Specific
Allegations Herein following:
There holding under 2241(c)(3).,
whereBy The petitioner IS
IN Custody IN Violation of
The Constitution OR Laws
OR Treaties of The United
States;

McCree's Capital Murder Convictions
Were obtained By The use of
evidence obtained pursuant
To an unlawful arrest: Fact,

(1). There were No probable cause To
arrest McCree after Cooperating
with witnesses and Helping
Take Care of Two Misdemeanor
warrants That The witness
Brother had on Him, where
Also it Shows IN The Evidence
That after The Cooperation No
other Said witness were found —

(14)

To Support The arrest, after which it shows That McCree were Then listed for The Capital Murder of Tarvis Moore, as To-Linda Barnes were Then listed for Being Wanted for questioning. (See) The Case discovery pages 78- and 97. -

(2). Under The United States Constitution's Fourth Amendment it's found that the arresting officers acted "unreasonuble" In cooperating with The witnesses In helping with their warrants In exchange for a Statement, evidence show's That The officers had No reasonable cause To Believe probable cause existed where it shows That

The witNess Brother Eric wilson
who advised To The Detective's
That He is Darria wilson's Brother
ANd Stated he had already Spoken
To DeTecTive S. E. Wilson and
gave Him a phone NumBer and
advised Him That He was going
To Call Him And tell him all of
The Information He knew about
This case., evidence Shows
That Darria wilson, as well did NoT
wish To Speak To other officer's
IN detail aBout What He were
allege'N, He To advised That He
Speak With DeTecTive S.E. Wilson
IN regards To His allegaTions,.
See Discovery page 77.

(16)

(3) Withholding The Information from
The warrant Affidavit And the judge
holding the probable cause hearing
Violated The United States
constitutions fourth And fourteenth
Amendments Due process where
To There the Detectives subverted
The prosecutor from The performance
of his probable cause
Determination By Maliciously
Tendering false Information To
The prosecutor which lead Him
To Believe probable cause
existed where There Wasn't None,
See wheeler, 734 F.2d at 260.
also McMillian v. Johnson, 878 F.
Supp. 1534.

(17)

(4). There where Due process were
violated where There was No
reason To Use And play The
Witness Darria Wilson Tape
statement after He Testified
To admissions - Showing That He
had Been false, against Mccree,
causing The arrest warrant,
And Being false when gave his Tape
statement,
The witness did Not Testify against
Mccree as The State alleged That
He would,
His Truthful Testimony were
Disregarded of The Truth, And
His false Tape Statement were
Instructed To The Jury,
However This amounted To a
Deprivation of The petitioner's
Constitutional Rights, As which
These Type of Due process
violations is harmful To a fair
Trial without any objections
By Counsel's in The matter.

(18)

(5) The Capital Murder Convictions were The result of insufficient evidence, As which McCree is factually Innocent.

(6) Where The Convictions were obtained By The use of evidence obtained pursuant To The unlawful arrest, Followed By The State Failured to disclose The evidence Favorable To The petitioner whereBy disregarding for The Truthful Testimony of The State's witnesses, as which The record of Testimony fails to establish facts supporting McCree Being witnessed or Seen Causing The Capital Murder, Kidnapping, and Robbery. As The State alleged witnesses, Darria Wilson, and Linda Barnes, will Testify To Seeing The Defendant Shoot The victim To Death, after which The Defendant Drove off with The victim in The victim's vehicle.

Witness Deputy Malone, will testify
to attempting to arrest the
Defendant in the area where
the victim and his car were
Discovered the following day. See
Discovery page 60.

These facts of the state-allegation's
Support's the petitioner McCree's
Claim's in federal court under
28, U.S.C. 2254

The records will show that these
witnesses has fail to Support the
State's-case on by their testimony
that lead to Admissions at trial,
The records, And Discovery will
also show that McCree were not
given any other witness
reliability of their testimony who
May Have implicated McCree
in this case..

Newly Discovered material "facts"
exist where the petitioner is actually
innocent, His Conviction was obtained
By The unconstitutional failure of
The prosecution To disclose evidence,.
As Alleged where fingerprints were found
In the victims car in His Steering
wheel, which were not The FingerpRints
of mccree, However the prosecutor had No
Name to the prints found inside The Victims
Vehicle which the State pursuanted And
Instructed The Petitioners Jury with these
Same fingerprints without Due Process
of Law, under The Sixth and Fourteenth
Amendments The Right To a fair Trial
Before a Jury is Violated when The
state's prosecution is Conducted with
the intent to deprive a person of

(21)

equal protection of law or otherwise
intended to subject a person to the
denial of constitutional rights,
see Coogan, vs. Wixom, 820 F.2d.
170, 175, (CA6 1987. However such
unknown fingerprints found inside
the victims vehicle, lead the jury
to believe that the fingerprints were
McCree's when the State instructed
the jury and alleged that the
petitioner committed the offense,
which such false evidence in fact
prejudiced the petitioner from a
fair trial. McCree seeks relief
from conviction and detention
caused by the unlawful holding in
state custody in violation of
the constitution, laws or treaties
of the united states, relief is
supported under 28 u.s.c. 2241(c) · · ·

(22).

HEREIN AND THERETO AS are So
alleged IN This Letter-Brief IN
Lieu of a More Formal Brief IN
opposition To The Respondents
Request To Dismiss The 28 u.S.c. 2254
Petition FoR HaBeas Corpus, Filed
By PETITIONER McCREE, McCree
again State's ThaT He were DeNied
EFFective Assistance oF CoUNSEL
ON By CoUNSEL'd Failure To question
The evidence obtained By The
arresting officers, NOR DiD CoUNSEL
question The alleged UNlawful
CONDUCT oF The officers,

McCree also alleges ThaT He was
DeNied a Full And Fair evidentiary
hearing iN State Court, withiN The
RespecT To an asserTed DeNiaL oF
a FedeRaL RighT which CONSTITUTES
GRoUNDS For DisCharge IN a
HaBeas CoRpUS ProCeeDiNG UNDeR
28 U.S.C. 2244(c).

(23).

Petitioner Gerard David McGee JR,
# 203840   Gerard David McGee JR.

- Certificate of Service -

I The Petitioner hereby certificate
that a copy of the same Documents
has Been served upon The following
listed named State of Alabama
Attorney General, By Mailing a copy
of the Same in The U.S. Mail Postage
prepaid and properly addressed on
This Date of 10-19-06.


State of Alabama
Attorney General Office
     State House
11 South Union Street
Montgomery AL. 36130-0152