IN the United States District
Court for The middle District
of Alabama NORThEN DiVision

RECEIVED

2006 OCT 30  A 9: 54

Gerard David McCree, JR.,
# _____  PETiTioner,

LINDA D. HACKETT, CLK
US DISTRICT COURT
MIDDLE DISTRICT ALA

VS.

2:06-Cv-520
WHA

Warden Jones, et., al.,
RespondeNTS,
Cause: 2254 Petition

Sworn Affidavit of Gerard D. McCree, JR.,
Under Penalty of Persury the
Foregoing IS True And Correct :

Permission for leave of court To
file This herein Motion for
Discovery UndeR Rule 6 (b) Rules
SectioN 2254.

Following:

Comes Now herein the petitioner
Gerard David McCree, moves this
court under exceptional
circumstances supporting
motion for Discovery under Rule
6 (b) Rules Section 2254, The
Discovery And Request for Admission
Are Needed To avoid a possible
Injustice, whereby also upon
foreclosed discovery Shall Specify
The Relief To which Petitioner
Are entitled, Moreover aid in
developing facts, where specific
Allegations Before The court show
Reason To Believe that the
Petitioner May If facts are
fully developed, Be able To
demonstrate That He IS Confined
Illegally And IS Therefore entitled
To Relief,

herein The Showing of Good cause

Why Discovery Should Be allowed, If
IS Alleged That The courts will
Be Burdened with weighing the
Propriety of requests To which the
discovered party has No objection,
Additionally the availability of
Protective orders under fed. R. Civ. P.
Rules 30(b) and 31(d) Will provide
The Necessary Safeguards, See
developments IN The Law.
Federal Habeas Corpus, 83 Harv. L.
Rev. 1038. 1186-87 (1970): Civil
Discovery IN Habeas corpus, 67
Colum. L. Rev. 1296, 1310 (1967). It
IS felt the requirement of prior
Court approval of all Discovery

IS Necessary to prevent aBuse.
So This REQuireMeNT IS specifically
Mandated in the Rule.

(Documents Requested to Be produced)

(1). Needed, All testifing INformation
gave To The Grand Jury, causing the
INdictMeNts oN The petitioner after
The deliberations and The votes of
The Jurors, Grounds : And Questions,
At the preliminary hearing in State
Court, Detective G. Naquin Testified
That He had probable cause To
Believe HIS witnesses Seen
Gerard McCree, cause The death
of TARVIS Moore , By Shooting
Him with AN unknown Type
Hand Gun, supporting evidence
of The petitioner Shows Where

The Magistrate Judge IN
Issuing The Process was mislead
By Information of the Detective,
Whereby he knew was false or
would Have known was false except
For His Reckless disregard of The
Truth, (evidence) shows that the
Detectives made promises with
Witnesses In exchange for a
Statement Implicating "McCree" IN
This case, which After Their
Witnesses did Not Show At The
Preliminary hearing IN The
State Court

(did these witnesses testify At
The Grand Jury hearing causing
The Indictments without
Detective G. Naquin's own Testimony
Misleading The Grand Jury By

withholding Information where
his witnesses so seeked geting
Help with Two Misdemeanor
warrants Before any Information
were to Be given)?

(2). Were The Indictments supported
By sufficient or competent
evidence ?

(3). upon the petitioner McCree's
objective reasonableness following
The fourth Amendment Rights
where By The petitioner's evidence
from his car Discovery Pages 77 - 78
and 97, as were served to all
Parties, as well the court, showing
facts And Circumstances That
would so demonstrate that
petitioner were arrested falsely
And Confined Illegally following
Conviction, ,,

QUESTION:

DID the arresting Detective follow
reasonable standards under The
Fourth Amendment of the United
States Constitution, where the
Detectives made promises to
Witnesses, to Help with Two
Misdemeanor warrants IN
exchange for a Statement That
Were handed over To The State
Court following the Seeking of a
CONVICTION ON the Petitioner Mccree?

24). after Detective's agreement IN
Making the Promises, Mccree were
Implicated IN This Capital Murder
Case, As to, were Convicted after
The Detective witness testified
To The Truth IN favorable of
the petitioner Mccree, after
Which the witness known As Darria
Wilson, Testimony were Disregarded

WhereBy HIS tape statement
Were given over To The Jury of
The Trial And State Court,
QuestioN:

The record was devoid of evidence or
Improper obtained witnesses
Statements, Was It proper For
The prosecution to DisRegard The
Witness Testimony of The Truth,
And play the WitNESS Tape
Statement ? Petitioner Request For Admission
SougHT To Be aNSwered.

(5). Petitioner objective reasonableness
held that the petitioner Alleges
That The State Withheld exculpatory
evidence of INformation, OR A
Name to the fingeRpRiNts found
iNside the victims vehicle on set
of fingerprints found on the
steering wheel of the victims

vehicle, the prosecution was conducted with the intent to deprive the petitioner of equal protection of the law, or otherwise intended to subject the petitioner to the denial of constitutional rights, See Coogan, vs. wixom, 820 F.2d 170-175 (CA6 1987). However the Respondents denies these allegations

Question:

What was the prosecution purpose to use and give over to the trial jury the unknown fingerprints after instructing the jury and alleged that the petitioner committed the offense?

Petitioner request for Admission Sought to be answered

# 203840

Gerard D. Meece JR,
PETITIONER

## Certificate of Service

I hereby certify that on this
26. day of october, 2006, I have served
4 copy of the foregoing (including
Questions) on to the Respondents
By placing the same In The
United states mail, first class, postage
Prepaid and addressed as follows:

Office of The
Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, Al. 36130 (158)


Petitioner
# 187840
Spencer D. Moore
Donaldson Corr. Fac.
100 Warrior Lane
Bessemer, AL.
35023-7299