In The United States District Court For The Middle District of Alabama Northern Division

Gerard David McCree, JR.,
Petitioner,

vs.

Warden Jones, et, Al.
Respondents.

2:06-CV-520
WHA (WO)

Cause 2254 Petition

Sworn Affidavit of Gerard David McCree, JR. herein under Penalty of Perjury The foregoing Is True An Correct;

Permission of Court for Leave To file This herein motion for Judgment on The Standards which would Be Applied, — under Circumstances That Exist That render such Process ineffective To Protect The Rights of The Petitioner 2254(a)(B)(ii)

Comes Now The Petitioner Gerard McCree moves The Court, asking for Judgment under exceptional circumstances where facts are found in question of Law An The Policy of the State of Alabama Thereto The United States Constitutions, The Petitioner Moves The Court To

Page 1 of 15

address the Issues pending Before It in the following order thereto of Standard law, whereof Petitioner Entitlement to an evidentiary hearing on it's claims which Are Not Defaulted Issues of procedural Defaulted Issues of procedural Default, And the merits of the claims which either are Not Defaulted or for which there Is cause And prejudice To excuse The Default, Holly Wood vs. Richard Allen, Action No. 2:04 cv 509 WHA (Wo)... However The Petitioner McCree herein argues that he (Has cause And prejudice To excuse his procedural Default on it's claims),. Where The Petitioner also argues That he Is able To Show That The Court's failure To address his claims Thereof Inquestion of law And policy, it's failure would Result in a "fundamental miscarriage of justice." Schlup vs. Delo, 513 U.S. 298, 320 (1995); Murray vs. Carrier, 477 U.S. 478 (1986). The Misscarriage of Justic exception allows federal courts To address procedurally defaulted Claims If

Page 2.

Petitioner shows that a "constitutional violation has so resulted in it's conviction of one who are actually innocent." Carrier, 477 U.S. at 496.

Petitioner McCree has showed that his Trial By Jury In The State Court proceeding were obtained By The use of Ineffective assistance of counsel, where Petitioner shows In facts of the State and federal law That counsel's performance was so Ineffective as to Violate The federal Constitution, see Edwards vs. Carpenter 529 U.S. 446 451 120, S. Ct. 1587 146 L. Ed. 2d. 518 (2000) Seeking To Show Ineffective assistance of Counsel as The Cause of a Default Shall prove That his Counsel was Ineffective under the Standard Set forth In Strickland vs. Washington, 466 U.S. 668, 684 104 S. Ct. 2052 80 L. Ed. 2d 674 (1984) In Holly Wood, vs. Richard Allen, The court found That failure To Develop The factual Basis of a Claim has Been Interpreted To mean That a Petitioner did Not fail To Develop The factual Basis

of a Claim If he was Diligent In his efforts To do so, See also Williams, vs. Taylor 529 U.S. 420, 435 120 S.Ct. 1479 146 L. Ed. 2d. 435 (2000) where Diligence were he made a reasonable attempt in light of the Information available at The time. A Petitioner Does not fail to Develop The factual Basis of his Claims when his Diligent efforts are Thwarted By Another.

Exhibit A follows