Exhibit A

follows from The Trial proceedings Thereof, Petitioner mccree took The Stand In his own Defense after going over the Information with his Counsel's,. Giving facts Inquestion While on Stand to State Attorney's. as to the Charge of capital murder,. capital Murder Made as said (mccree did cause The death of TARVIS moore By shooting him with AN unknown Type hand Gun while the said Victim was Inside a Motor vehicle In violation of 13 A-5-40). however The Petitioner gave TesTimony IN his own Defense within The Charge Inquestion, also his herein Claim where The record fails to ESTABLISH facts supporting McCree's Convictions for Capital Murder, Kidnapping, And Robbery; Where The Record will Show That (McCree) Made a Reasonable attempt in light of The Information "available To him" at the tIMe; McCree Could Not Have fail To Develop The facTual Basis of it's Claims when his DiligenT

Exhibit A

efforts were Thwarted By said state Attorney's, see The Testimony of Gerard mccree IN The State Court Proceeding hereof The Testimony of mccree following IN Exhibit A

Testimony Pages 692 -

Mccree: well he say I'll Kill you All, he was talking To The Guy That had his Gun out, Saying I'll Kill you All, ya'll know who I am,.

Attorney: so after he Pulls The Gun out he's sitting in This area?

Mccree: yeah.

Attorney: Does he get Back Into his Car?

Mccree: Well Basically yeah he did after The Gunshots was fired.

Attorney: okay so he didn't get Into his Car until after the shots are fired?

Mccree: uh-huh.

Attorney: okay So after the shots were fired he gets

Exhibit A

Into his Car and what happens ?

McCree: well he Pulled of and the Car just went on In the yard and just Stopped.

Attorney: okay And it stopped over in this area here ?

McCree: uh-huh.

Attorney: so your Testimony would Be he would have to have Been shot Before he got Into his Car ?

McCree: yes Because that there was no way he could have got shot In the car Because there The Bullet went in the Back window and theres No way a Bullet Can Come In Through The Back window and hit someBody In The Said of the head, thats No way, I don't see what, how you EVEN Come up with an Idea that thats happened I mean how?

Attorney: well mr. mccree, If I'm NOT mistaken let me ask you

ExhiBit A

This question, I don't Believe that anyBody has said that the Back window was shot out, Now I Believe we saw some pictures that the Back window was Broken I Believe we've asked questions you know, was the condition of that window Broken when you found it, But I Don't Believe anyBody has said anything aBout the Back window Being shot out Now is it your Testimony?

McCree: well I Read the Report.

Attorney: That you saw the Back window Being shot out?

McCree: of course, I did.

Attorney: Okay so you saw the Back window Being shot out Then?

McCree: The window was shot out when he was Driving off He was alReaDy shot, The Men

EXHIBIT A

was shooting Rapidly.

Attorney: So when was the Back window Busted?

McCree: The Back window got Busted as soon as he Probably got In this area right here In the middle of the Road Turning.

Attorney: okay How many Shots were fired?

McCree: I'd say five.

Attorney: five, okay so he ends up over In This situation or In this area right here?

McCree: uh-huh.

Attorney: Now you Saw where Mr. moore was Shot at correct?

McCree: well I Really Don't Know from The five Shots.

Attorney: you Saw The Photographs?

McCree: yeah, I Saw It.

Attorney: okay And you Saw The Bullet In the side of his head?

Exhibit A

McCree: yeah Thats what got me confused Because I'm Charged with capital murder Because They just Said he got Shot in The car, well I don't See No excessive force where the Bullet went Into The Car To Shoot him, you only have one Bullet on a graze on The roof and you've only got another Bullet Busting The Back window out,. where he got shot in The Car?? Where The Bullet went Into The Car To Shoot him?

know Statements made By mccree's Attorneys within How the victim were Shot while Inside his Vehich, As were argued By State Attorneys. The Petitioner mcCree has Not fall To Develop The factual Basis of his Claims when his Diligent efforts are Thwarted By another, Holly wood vs. Richard Allen, 2:04 cv 509 WHA(wo) McCree argues that he were Prejudiced In

The State court Proceedings Do To Ineffective assistance of counseL where By his Attorneys Knew of Defense And other Legal assistance set forth under The united States constitutions fourth Amendment where By The PetitioneR were unlawfully arresTed ON By Intentionally Acts of the Detectives Receiving false Information on By The cause To obtain The arresT In convictions on mccree, Where **De**tectives obtaiN It's false Information ON By promising To Take care of Two misdemeaNor warrants Belonging to Eric wilSON The Brother of Darria wilson, who moved forth with The TRuth, giving TesTimoNy in The State courT proceeding (stating that his Information that Some where given Wasn't TRue.

See The TesTimony of Darria wilson at mccree's TriaL pages 452-464. where It will also show That mccree's AttorNeys did noT **moved** forth with the Standard Law of

McCree's Right to Probable Cause of the Fourth Amendment Requirements or question the witness of his cause of giving false Information To The Detectives that caused McCree To Be Charged with Capital murder, And his cause of Coming Now forth with The Trueful Information, None of These Legal assistance were Not giving or other assistance In McCree's Case In violation of The federal Constitution, see Edwards vs. Carpenter 529 U.S. 446, 451, 120, S.Ct. 1587 146 L. Ed. 2d. 518 (2000). However The Petitioner McCree's Attorneys were aware of all perjured testimonys at trial which were inconsistent with their Prior statements which were subject to cross-examination on The facts following Petitioner allegations In Contrary, where for Counsel's Deficient Performance the Results of the Proceedings would Have Been different, Howard vs. State, 551 So.2d 1155, 1158 (Ala. Crim. App. (1989).

Seeking To Show Ineffective assistance of Counsel as The Cause of a Default will show that it's Counsel was Ineffective under the Standard set forth In Strickland vs. washington 466 U.S. 668 684, 104 S.Ct. 2052, 80 L.Ed. 2d. 674 (1984). McCree's Convictions Is The Result of: Capital murder Convictions were obtained By use of evidence obtained Pursuant to an unlawful arrest; And The Record fails To Show The establish facts supporting McCree's Convictions for Capital murder, kidnapping And Robbery; Also McCree's Conviction was Obtained By The under assistance whereTo McCree was denied effective assistance of Counsel; Also Convictions was obtained By the unconstitutional failure of the Prosecution To disclose evidence of D.N.A. from fingerprints found in the victims car on his steering wheel, where The fingerprints had No name to them when were giving over to the Jury; Also McCree were denied a full And fair evidentiary hearing

IN The State COURT proceeding., There are cause and Prejudice To excuse The Defaulted Issues Before This COURT, Petitioner moves This COURT FOR Judgment, asking The COURT That The Issues Shall go Before The court upon Petitioners entitlement To an evidentiary hearing.

Done This on The 13th. day of June, 2007.

Howard D. Mcgree
Petitioner

Petitioner, Gerard David McCree
(certificate of Service)
I The Petitioner hereBy certificate That a Copy of the Same Documents has Been Served upon the following listed Named Attorney for the Respondents, State Attorney General By mailing a Copy of The Same IN The U.S. Mail, postage prepaid And properly Addressed on This Date of June-13-2007

Office of The Attorney
General, Criminal Appeals
Divison Alabama State House
11 South union Street
Montgomery, Al, 36130-0152

Gerard D. McCree
Petitioner

Gerard David McCree, JR.,
Ais # 203840
William E. Donaldson Corr. Fac.
100 WARRIOR LN.
Bessemer, Ala. 35023

Office of The Clerk
United States District Court
P.O. Box 711
Montgomery, Ala.
36101-0711