IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Gerard David McCree, JR.
Petitioner
VS. Jones, ET, AL.,                    2:06-CV-520
Respondents                             WHA WO

Permission of court for leave to file Additional arguments following It's Claims Establishing By The United States District Court Case's And Laws, Motion Made IN exceptional Circumstances, where This Is A Capital Case under Review where To Petitioner Is Without counsel But Should In Responding To To The Respondents Assertion (that Some of his Claims for Relief Are procedurally Defaulted.) Petitioner Shall State herein Specific Reasons In-Addition, why HE failed To Comply with The State's Procedural Rules at The State Court Level,

page 2 of 17

Comes Now the Petitioner Gerard David McCree, moves this Court to Grant additional arguments following it's claims establishing By law upon it's claims And facts following:

Where Petitioner failed to comply with the State's Procedurally Rules or otherwise did not present or pursue the claim In State court either At the Trial court level, on appeal, or In available Post-Conviction Proceedings, Grounds under : 2254 sections holds where petitioner State's Specificity, where (ii) a factual Predicate that could not Have Been Previously Discovered Through the exercise of Due Diligence; And The facts underlying The Claim would Be Sufficient to establish By Clear And Convincing evidence That But for Constitutional error, No Reasonable factfinder would Have found the applicant Guilty of the underlying offense, However Under Post-Conviction Remedies, claims of Ineffective Assistance of Counsel, Any claim That Counsel was Ineffective must Be raised As Soon As Practicable, either At Trial, on Direct appeal, or In the

First Rule 32 Petition, Rule 32.2 A.R.C.P.
Back Ground Statement: McCree was convicted of three counts of Capital Murder By A Jury on September 17, 2003, In The Circuit Court of Montgomery County Alabama, was sentenced to life without parole on each count after the Jury recommended The Death Penalty on a 10-2 vote,. McCree's current incarceration is the result of unlawful convictions and sentences, where evidence from State's witnesses Testimony supports Petitioners claims, In light of the evidence following The Trial Court was without Jurisdiction To Render Judgment or To Impose Sentence,.

Facts: (1) McCree were convicted of Capital murder, Kidnapping, And first Degree robbery after Not one witness Did Not Testify To seeking The Defendant shoot The Victim To Death after which Drove off with The Victim In The Victims vehicle,, As here The State argued: (witnesses, Linda Barnes, And Darria Wilson, will Testify To seeing The —

Page 4 of 17

Defendant shoot the victim to death after which the defendant drove off with the victim in the victims vehicle.

Facts:

(2) Witness Darria Wilson, who came up with false accusations against mccree on June, 21, 2001., Do to Improperly coercion of that witness, Done By Investigation officers who Improperly coerced, pressured, or otherwise Induced the witness in an effort to get Him to give a statement in order to construct evidence against mccree on the murder charge, However these officers knew or should have known that the murder accusations was was false and that there was no factual basis or no probable cause for believing the witness when He and his brother seeked and asked for Help with misdemeanor warrants in exchange for a statement Implicating the petitioner, However where found to be in violation of petitioners clearly —

Page 5. of 17

established Constitutional Rights To Be Free From Criminal charges without Probable Cause, The Detectives who's Caused an application for a Montgomery County arrest warrant for Capital murder and an affidavit In support of That Application To Be Submitted When They Knew, or Should Have Known They were false And were Insufficient To establish Probable Cause and To support and arrest warrant application, moreover These Detectives deliberately omitted Crucial exculpatory Information from The arrest warrant application And in Violation's of The U.S. Constitutions 4Th. And Fourteenth Amendments Due Process Clause against The arrest and Such Conviction, see Hysler vs. Florida, 315 U.S. 411, 413, 62 S.CT. 688 689-09, 86 L. Ed. 932 (1942) See also McMillian, vs. Johnson Cite As 1487-1515 F.Supp. 1473 (M.D. Ala. 1995)

<u>Facts:</u>
Implicating witness Darria Wilson, Named Linda Barnes Into The Case, where She To Than were added as Wanted In

Page 6. of 17

The case, after Linda Barnes, were picked up By Detectives, She To Became a witness against mccree, To State The Same accusations At Trial.,

Facts, fact following: (4) evidence shows within The Implicating witness Darria Wilson's Testimony As he Took The Stand at Trial and Testified To Not Having The Knowledge of Gerard mccree Causing The Death of The victim, As No Implication from The witness was ~~Not~~ given.

(5). evidence shows within witness Linda Barnes, as she Took The Stand At Trial And Testified That The victim cam over To mccree's House and Begin fighting Her And pulling out her hair, after The Fight The victim went Back To his Car and got Inside his Car and Begin Having words with mccree, mccree was Telling Him To get away from his House with All of that, But she Stated That She Couldn't Hear what The victim was saying Back To mccree, -

Page 7. of 17

She also stated, That McCree had a Gun and Begin Shooting at The Victim And Shot The Victim while The Victim was Inside his car, But she Stated, "That she Did Not See McCree get Inside The Victim's car and Drove off with The Victim still Inside, She Stated That She was Told That"!

(6) The State Attorney asked Linda Barnes, "That Is he McCree were There In The Court Room?" Linda Barnes, Refused To answer The State Attorneys question while on Stand, See Testimony Page 413.

(7) <u>Facts</u>: Evidence Shall Show That None of The State's witnesses Did Not Support a Kidnapping, And Robbery of Any Kind, also where State's witness would Not, And Could Not Identify McCree at Trial.

(8) Testimony of Linda Barnes also Shows When Testified "That She Drove away from The House of The Shooting, and Retured Back Seeing a Number of Men Standing around, She asked Them what had Happen? She —

Page 8. of 17

Stated that "they told her that Nothing had Had Happen, That She Droved away and Did'nt reTurned, No Police were Phoned". (9). The state attorneys had knowledge of The Detectives Coerced, or pressured, or otherwise Induced The witnesses Into an effort To get Them To give a Statement In order To construct evidence against mccree on The murder charge, "Evidenced By proof of Documents", However ThereTo witness Darria Wilson Testified To Having any knowledge of a Gunmen, And couldn't even see The Individuals At That Time, "Evidence Shows where The State DisRegarded Wilson's Testimony And Played a Tap Statement That was more prejudicial Than probative, Do To The witness had Already testified Showing That his pass Statements against mccree were Not True, or were said showing how they couldn't Have Been True., (facts; and argue's That Show's Cause And Prejudice, and where The Procedural default will Not preclude a federal Court from —

Page 9. of 17

Considering a habeas petitioner's federal constitutional claim where petitioner argues that the Court's failure to Address his claim would Result In A fundamental Miscarriage of Justice, see Schlup. vs. Delo, 513 U.S. 298, 320 (1995). Petitioner's **Objective Reasonableness** Are where upon The Insufficient evidence used In The State's Closing Arguments, "As Were more prejudicial To The Jury By making it look like None of the State's Witnesses Were Not Telling The Truth". Where In Evidence of Testimony's of State's Witnesses, None of it's Witnesses Testified To Seeing The Defendant Mccree Shoot The Victim after which Droved off In The Victims Car While The Victim Still Inside, As These arguments Were Still given In Closing Arguments,. McCree's Capital Murder Convictions Were The Result of Insufficient evidence, I McCree Are Innocent, And the State's Witness Refused To Identify McCree As The Named Gunmen Charged. Petitioner McCree argues That At The Trial Court level, McCree Moved the Court on a Motion for A Directed Verdict of Acquittal on All –

page 10. of 17

charges, where The State DID NOT prove IT's case Beyond a reasonable Doubt, Motion Were DENIED,. petitioner pursue IT's Claim IN The State Court proceedings AT Trial, where IT Were ONLY INSUFFICIENT Evidence, See Wilson, vs. State, 874 So. 2d. 1155 (Ala. Crim. App. 2003) holDing IN Judging a prosecutor's Closing Argument, The Standard Is whether The Argument So INfected The Trial With uNfairness As To MAKE The Resulting CONViCTION A DeNial Of Due process, U.S.C.A. Const. Amend. 14., where IT'S found where McCree argue's That The prosecutor's Statements Should Be Viewed IN The Context Of All of The evidence That were INsufficient, But PreseNTed ANd IN The Context of The complete Closing arguments To The Jury, Statements Of Counsel IN arguments To The Jury Must Be Viewed As delivered IN The Heat of debate :).

<u>Supporting facts:</u>
These facts Argues where Should Be Noticed of The Due process DeNial, when asked The Court for AN directed Verdict of Acquittal,. Where The motion were DeNieD,
page 11. of 17

And where the court instructed the jury on all charges without any physical evidence and oral testimony, After which the state falsely in it's closing arguments gave facts and statements that never came from any witness,

<u>Fact upon The Statement of the State:</u>

    What we're alleging, The State's evidence has shown, is that after the Defendant fired the shot which killed Tarvis Moore that he than **TOOK** off in his car he robbed Tarvis Moore of his car, and which Tarvis Moore was still alive, Took him out to another location, put his body on the ground, actually took his wallet and took some stuff out of his car, And That's where the Robbery came from.

<u>Facts of petitioner:</u>

The State's physical evidence do not support any of those closing statements, Witnesses Darria Wilson' who came with the truth at trial, Linda Barnes' who testified that she did not see McCree get inside the victim car, That she was told that,. **Moreover**, The victim' who came out to —

page 12 of 17

The House where McCree And linda Barnes were at, along with Eight others IN The Montgomery County where He Tarvis moore Came To find his Girlfriend linda Barnes Who Was living with moore IN The Same area, after moore came out To The House, Moore got out of his Car with A dog And a Gun And went over To Barnes while Inside Her Car, moore Beging fighting with Barnes And Telling Her To go Home, While Barnes Were leaving, Moore Begin Having Words with others; McCree IN The area Were Telling Moore To go away from The House With All of That, (see) The Testimony of McCree, And linda Barnes, At Trial,. However While moore Were Walking Back To his Car With his Gun out IN his hand, But Not At any one, The Gun-men Started Shooting At Moore While others Tuning away As " I McCree Were also;" moore Were Shot IN The Right Side Of his head, Hit the Ground By The Car Door, got up And got Inside The car And Droved off And made a left Turn Before The Car Than Stoped., The Gun-men Than Went over To Where The Car Were- got IN And Droved off,.

FACT :                                                                                  page 13 . of 17

Linda Barnes had left the area Before any Shots Came about, Than Came Back To The House And asked The Individuals At The House While I McCree Were There, asked What had happened?. She Than left Without Any Knowledge And Called McCree oN his Cell phone And told. McCree And told him That She Was Coming Back to Pick him - McCree up To go To a Party That Same Night, As McCree, And Barnes did So Went To a get Together with Which her family Were There.

Fact!

McCree has Known Barnes for Sometime Before The Shooting, And Been At her House Where her And Moore Stayed, Also with Barnes In The Two Cars her And Tarvis Moore own'ed.

Fact: McCree's fingerprints Should Have Been found Inside of The Two Cars Linda Barnes And Tarvis Moore own'ed While Staying together.

Fact:

McCree's fingerprints Were Not found oN The Steering Wheel of The Car That Tarvis Moore Droved up In, Do To McCree has Never Droving Not one of Their Cars.

page 14. of 17

FACT:
The Gun-men who Shot Tarvis moore, Got Inside The Car And Droved off, Leaving fingerprints.

FACT:
The state could not disclose evidence to "McCree" upon And I.D. of The fingerprints left By the Shooter on The Steering Wheel of The Car That were Taken, Although the fingerprints were not McCree's, But so giving to The "Jury", This Evidence moore prejudicial than probative against McCree's Right to A fair Trial, McCree's Trial Counsel's failed to argue the objective reasonableness In McCree's Behalf. The Petitioner herein Ask's the Court to Consider his Ineffective Assistance of Counsel Claim Also consider The Issue of prejudice first In The matter of All of The Petitioners Claims, In There of All The Facts, And to assume for the moment That Counsels performance was deficient; Also resulted unconstitutionally deficient, Thereto Counsel performed Deficiently in failing to Inform The Petitioner about It's Rights An Defense within The Fourth Amendment Rights To —

Page 15 of 17

probable cause including the prohibition on law enforcement officers pressuring witnesses into appearing before a court to seek an arrest warrant. Also (Petitioner McCree) asks this court to decide that petitioners "claims" that were adjudicated on the merits by the state courts has resulted in a decision that was based on an unreasonable determination of tha facts in light of the evidence presented in the state court proceeding, 28 U.S.C. 2254(d)(2). In the state court proceeding, Petitioner were denied a full and fair evidentiary hearing in the state court. Petitioner McCree Request that this court grant his 2254 Petition. Done this on the 1-2-2008, Respectfully Submitted

Gerard D. McCree, Jr.

Page 16. of 17.

Petitioner signed and filed by pro se

Certificate of Service

I the PETITIONER hereby certify that a copy of the same documents has been served upon the following listed named attorney for the respondents, The State Attorney General by mailing a copy of the same in the U.S. Mail, postage prepaid and properly addressed on this _____ day of _____.

Office of the Att. Gen.
Criminal Appeals Division
Alabama State ___
11 South Union Street
Mont. AL. 36130

PETITIONER,
Howard A. W___

In the United States District Court
for the Middle District of Alabama
Northern Division

Gerard David McCree, Jr.
Petitioner,
vs. Jones, et, al., Respondents,
Cause: 28:2254 Petition for
Writ of Habeas Corpus (STATE)

Case # 2:06-CV-00520
WHA-SRW

Under U.S.C. 1746 Affidavit of Gerard David McCree, Jr. THE Petitioner, I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on 1-1-08
Signature of Petitioner
Gerard D. McCree

Following
Motion
for Additional
Arguments: