IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

1 OF 10

Gerard David McCree, Jr.,
Petitioner

vs.

Warden Jones, et al.,
Respondents

2:06-cv-520
(WO)

RECEIVED
2008 JUL 28 A 10:49
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Sworn Affidavit of Gerard David McCree, Jr.,
I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct herein following Exhibits

Permission of court for leave to file this herein Document, setting forth Exhibits which Demonstrate that Petitioner is entitled to Relief on the Grounds Presented In his Habeas corpus petition under 2254, And 2241(c)(3). Comes now the Petitioner Gerard D. McCree moves this court to grant these materials, Documents, In exceptional circumstances where the showing follows the same in the Petitioners Rule 32 Petition in State Court, thereto, And Herein the Petitioner Alleges that his Capital murder convictions In the State Court were the Result of Insufficient evidence and that Petitioner is factually Innocent,

Without Delay of the Petitioners Claims As These Exhibits Shows In Specific Facts, That The Claims were Delay In the State courts, And so Alleges That The State courts decision of THE Issue Is Objectively unreasonably founded In Williams, v.s. Taylor, 529 U.S. 362, 411, 120 S.Ct 1495, 1522, 146 L.ed 2d. 389 (2000). Upon THE Petitioner's Objective Reasonableness, Petitioner Shows facts where THE Claims were exhausted In State Court, But Not So Ruled on, See The Ruling of THE State Judge; Stated: (The Petitioner HAS failed To Make any Claim ThAT He Is INNocent of THE Crime with which He was charged). Petitioner's Claims In The Rule 32. Petition In State court Shows ThereIN, In Page 94. ThereIN As under Rule 32. Petitioner's Claim; Stated: (Newly discovered Material facts exist which require That The Conviction or Sentence Be vacated By the court Because The facts establish That Petitioner IS Innocent of The Crime For which He was Convicted or Should Not Have Received The Sentence That He DID), Facts To His Claim ThereTo. Moreover specific Facts Follows where The "State" Court's decision of The Issue Is Objectively unreasonably, where The adjudication of The Claim

resulted In a Decision That was Based on an unreasonable Determination of The Facts In Light of The evidence Presented In The State court Proceedings, See 28 U.S.C. 2254(d)(2)

However, IT shows thereof, That the Respondents Filed Their answer on mccree's 28 U.S.C. 2254 Petition, And So Followed mccree's claims In his Rule 32 Petition filed In The State court, (Facts) from The Respondents answer filed August, 2nd 2006,. Shows In These specific facts That All mccree's claims were exhausted In The State Court, But were Delayed, As were Not Ruled on (claim of Innocent). See Respondents answer, And So State's Thereto: (Respondents deny That mccree's capital murder convictions were obtained By The use of evidence obtained pursuant To an Unlawful arrest, Respondents deny That mccree's capital murder convictions were The result of Insufficient evidence and That mccree Is factually Innocent, Respondents Deny mccree's convictions were obtained By The failure of The prosecution To disclose evidence favorable To The Defendant, Respondent Deny That mccree was Denied effective assistance of Counsel,. mccree alleges That He was

Denied a full and fair evidentiary Hearing In State Court,. All of these Issues are exhausted, But they are also procedurally Defaulted, or They were correctly adjudicated on the merits By the State Court.) Petitioner HereIn also alleges That the State courts order Denying The Rule 32. Petition, over looking IT's claim, resulted In a Denial of the Petitioner a full And fair evidentiary Hearing In The State court Also Not correctly adjudicated on the merits By The State Court, Moreover without any Ruling on Petitioners claim of Innocent, IT-ITSelf resulted In a Fundamental miscarriage of Justice,. Thereto, The Appellate Court found That The circuit Court properly Denied all of The Petitioners claims without an evidentiary Hearing (Doc. No. 11. Exh. K at Pg.5). However, under The miscarriage of Justice exception allows federal courts To address such procedurally defaulted Claims IF Petitioner could, Should, Show That a Constitutional violation Has resulted In The conviction of one who IS actually Innocent, see murray, vs. carrier, 477 U.S. 478 (1986). Petitioner also shows That: a Factual Predicate That could Not Have Been previously Discovered

Through The exercise of due diligence; And the facts underlying the claim would Be sufficient to establish By clear and convincing evidence That But for constitutional error, no reasonable factfinder would Have found The applicant guilty of The underlying offense, 28 u.s.c. 2254 (A)(ii)(B).

### Back Ground specific facts of Petitioner's Claim Showing Herein:

Petitioner's capital murder convictions were The result of Insufficient evidence, And That Petitioner Is factually Innocent: facts followed By The unlawful arrest Showing In The Petitioner's Document evidence where To witnesses got Together To Help get some warrants Taken care of That one of The witnesses Had on Him, when They got officers To Cooperate They gave some false statement about This case, after which McCree were charged In The case, after which These same witnesses came forth with The TRUTH - **facts following**

The Two Brothers Eric Wilson, & Darria Wilson, went to Police Headquarters to speak on Information they alleged they knew of a murder case, when were asked about the Information By Detective Barnett on 6/21/01., The Brothers stated that they did not wish to speak to the Detective Barnett about a shooting but would speak to Detective S.E. Wilson who is a friend of theirs, See Discovery Page 77. The Two spoken with Detective Wilson, which It show's "Eric Wilson" stated to Detectives, that he will give all of the Information If they would cooperate and help take care of two misdemeanor warrants he currently had on him, The Detectives cooperated and stated, "They would see what they could do to help get him (Eric Wilson) time to pay or workout some type of program to take care of the two misdemeanor warrants he currently had on him". After which, Statements were giving by his brother Darria Wilson, at that time Gerard D. McCree, SR., were then chared with capital murder, see pages 78 & 97. McCree, after which turned himself In on the charges on 6/23/01.

However., Petitioner find that the warrants were In violations of the fourth and fourteenth Amendments Due process, also under the constitutional Amendment (14) IT makes clear that No State, shall make or enforce any Law which shall abridge The privileges or immunities of Citizens of The U.S., nor shall any State deprive any person of life, liberty, or property, without due process of Law; nor deny To any person within It's Jurisdiction The equal protection of The Law. -- Moreover under The fourth Amendment, The Standard of objective reasonableness follows an such objective where the warrant application should show In question that The warrant application Is so Lacking In Indicia of probable cause as To render official Belief In It's existence unreasonable.,

"Did The Detectives render a probable cause of Believing That The Two Brothers were giving Tauthful Information when only wanted To Speak with a friend Detective, and asked for promises That The Detectives would cooperate and give help with misdemeanor warrants, It's witness Currently had on him. See McMillian vs. Johnson 878 F. Supp. 1515 (M.D. Ala. 1995)"?

Moreover, At Trial only The Brother Darria Wilson Showed up and Took The Stand and Testified That he were In The House when he heard a Shooting, and Never seen anyone Shooting when he called 911 about a Shooting.,

The State Disregarded It's Witness Truthful Testimony As he were Sworn To Tell The True, The State gave over To The Jury The Witness False Tape Statements. To Police, The Statements He gave To Police, As In question Does, The Tape Statement Supports a Conviction That's Not Sworn To Be True?

Petitioner allege's That The Tape Statement Is Insufficient evidence, And caused Prejudice The State, asked Their other witness, Linda Barnes To I.D. Gerard McCree In The Courtroom Because She Said She Seen Gerard McCree Shoot the Victim, But Didn't See him get Inside The Victims Car, That She Was Told That, The Witness Ms. Linda Barnes, refused To I.D. Gerard McCree As The one She Seen, She refused To I.D. McCree over, And over and over, as She was Told To. Does, This Witness Support McCree's Convictions of Capital murder, Kidnapping, and Robbery?

Fact Supports That Not any of The State's Two witnesses gave any Testimony of The Petitioner getting In The Victim's car and Drove off with The Victim, causing a Kidnapping, and Robbery. more over The witness Linda Barnes Could Not I.D. McCree Because He Is Innocent.//

## Exhibits

Petitioner moves This Court herein on Jury Demand seeking Relief from (State) Convictions of Capital murder, kidnapping and Robbery, on By where The Petitioner could not get a fair Trial In State Court Petitioner McCree himself, Took The Stand In State court and gave facts To The Insufficient evidence, and asked How could The victim get shot In The Right side of his Head while Driving off, when There's only The Back window Said To Been Shot out. By said District Attorney Mike Kidd, The Prosecutor In The Case, alleged That The Back window was shot out, And admitted To making These statements To The Montgomery Advertiser The Day Before Trial, The Prosecutor's facts shows To Be Insufficient, followed By his witnesses false statements To Police Before Trial, Petitioner's Testimony while on The stand questioning about The victim Being shot In The Right side of his Head, could not meet with The said Back window Being shot out. Petitioner's Attorney Did Not, And would Not, follow "McCree's" questioning at Trial of These Said Insufficient Evidence, see The Testimony of McCree, The Court herein will Not find No follow up By McCree's Attorney's, Does This result In Ineffective assistance of counsel? Done This on The 14th. Day of July, 2008. Gerard D. McCree, JR.,

# Certificate of Service

I Hereby The Petitioner Certify That on This the 17th. Day of July, 2008, I served a copy of the foregoing on The Attorney General, By placing The same In the U.S. mail First Class, Postage Prepaid And Addressed As Follows:

Gerard D. McCue, Jr,
Petitioner
AIS# 203840
100 Warrior Ln.
Bessemer, AL. 35023

Office Of the Attorney General, Criminal Appeals Division, Alabama State House
11 South Union Street
Mont. AL. 36130-0152

Gerard David McCree, JR.,
AIS# 203840
D.C.F.
100 Warrior Ln.
Bessemer, AL. 35023



Office of The Clerk
U.S. District Court
P.O. Box 711
Montgomery, AL. 36101-0711